

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.:03-10321-RWZ |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| MAKSIM ELENTUKH, ) | 18 U.S.C. § 894 - Conspiracy to |
| a/k/a "Max" ) | Collect an Extension of Credit |
| ) | by Extortionate Means; and |
| SLAVA PRIDE, ) | Collection of an Extension of |
| a/k/a "Vyacheslav ) | Credit by Extortionate Means |
| Prikazchikov" ) | 18 U.S.C. § 924(c) - Use of a |
| a/k/a "Vyacheslav Pride" ) | Firearm in Commission of |
| ) | a Crime of Violence |
| ALEX SHLYAPIN ) | 18 U.S.C. § 2 - Aiding and |
| ) | Abetting |

## SUPERCEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE
[18 U.S.C. § 894]
[Conspiracy to Collect an Extension of Credit
By Extortionate Means]

From in or before November 2002, and continuing to in or after October 2003, the exact dates being unknown to the Grand Jury, in the District of Massachusetts, the defendants,

MAKSIM ELENTUKH, a/k/a "Max",
SLAVA PRIDE, a/k/a, Vyacheslav Prikazchikov,
a/k/a "Vyacheslav Pride", and
ALEX SHLYAPIN,

together with each other and with others, whose identities are unknown to the grand jury, did unlawfully and knowingly conspire, confederate, and agree to participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891,

that is, a gambling debt in the amount of approximately sixty-two thousand, five hundred dollars ($62,500), from Brent Wein and Arash Moradi.

All in violation of Title 18, United States Code, Section 894.

**COUNT TWO**
[18 U.S.C. §§ 894(a) and 2]
[Collection of an Extension of Credit by Extortionate Means]

From in or before November 2002, and continuing to in or after October 2003, the exact dates being unknown to the Grand Jury, in the District of Massachusetts, the defendants,

MAKSIM ELENTUKH, a/k/a "Max",
SLAVA PRIDE, a/k/a, Vyacheslav Prikazchikov,
a/k/a "Vyacheslav Pride", and
ALEX SHLYAPIN,

did knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891, that is, a gambling debt in the amount of approximately sixty-two thousand, five hundred dollars ($62,500), from Brent Wein and Arash Moradi.

All in violation of Title 18, United States Code, Sections 894 and 2.

**COUNT THREE**
[18 U.S.C. §§924(c) and 2]
[Use of a Firearm in Commission of a Crime of Violence]

On or about September 18, 2003, in the District of Massachusetts, the defendants,

MAKSIM ELENTUKH, a/k/a "Max",
SLAVA PRIDE, a/k/a, Vyacheslav Prikazchikov,
a/k/a "Vyacheslav Pride", and
ALEX SHLYAPIN,

during and in relation to a crime of violence, to wit, conspiracy to collect an extension of credit by extortionate means and attempt to collect and collection of an extension of credit by extortionate means, in violation of Title 18, United States Code, Sections 894 and 2, as charged in Counts One and Two of this Indictment, did knowingly use, carry, and brandish a firearm, to wit, a silver, semi-automatic handgun.

All in violation of Title 18, United States Code, Sections 924(c) and 2.

<u>PROCEEDS FORFEITURE ALLEGATIONS</u>
(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

1. The Grand Jury realleges and incorporates by reference Count One and Count Two of this Indictment, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), and further alleges:

2. As a result of the offenses in violation of Title 18, United States Code, Section 894, set forth in Count One and Count Two of this Indictment, defendants,

> MAKSIM ELENTUKH, a/k/a "Max",
> SLAVA PRIDE, a/k/a, Vyacheslav Prikazchikov,
> a/k/a "Vyacheslav Pride", and
> ALEX SHLYAPIN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to the charged substantive offenses and conspiracies, including, without limitation, the following:

(a) approximately $38,000 (thirty-eight thousand dollars).

3. If any of the property described in the preceding paragraph hereof as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

5

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property listed in subparagraphs a through e of this paragraph.

    All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FIREARM FORFEITURE ALLEGATIONS
(18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c))

1. The Grand Jury realleges and incorporates by reference Count Three of this Indictment, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), and further alleges:

2. As a result of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count Three of this Indictment, defendants,

> MAKSIM ELENTUKH, a/k/a "Max",
> SLAVA PRIDE, a/k/a, Vyacheslav Prikazchikov,
> a/k/a "Vyacheslav Pride", and
> ALEX SHLYAPIN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), the following:

(a) a silver, semi-automatic handgun.

3. If any of the property described in the preceding paragraph hereof as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), as a result of any act or omission of the defendant--

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this

7

>       Court;
>
>    d. has been substantially diminished in value; or
>
>    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property listed in subparagraphs a through e of this paragraph.

   All pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

```
                                        A TRUE BILL
                                        /s/ Irene E. Burke
                                        FOREPERSON OF THE GRAND JURY
```

```
/s/
ASSISTANT U.S. ATTORNEY
```

DISTRICT OF MASSACHUSETTS:    February 4, 2004

Returned into the District Court by Grand Jurors and filed.

```
                                        /s/
                                        DEPUTY CLERK
                                        3:06 P
```

9